UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WESTCHESTER FIRE INSURANCE
COMPANY, OLD REPUBLIC
INSURANCE COMPANY, QBE
INSURANCE COMPANY, FREEMAN
DECORATING CO., and FREEMAN
EXPOSITIONS, LLC, formerly known
as Freeman Expositions, Inc.,

      Plaintiffs,

v.                                     Case No: 5:24-cv-446-JSM-PRL

M&C EXPRESS TRANSPORT, INC., a
Georgia Domestic Profit Corporation;
VALUED COMMODITIES
TRANSPORTATION, INC., a Florida
Corporation; LACOSTA R. CLYDE,
individually; MARIO GIOVANNY
BORJA-AYERVE, as Personal
Representative of the Estate of Z.R., a
deceased minor; ASHLEY K. BORJA,
individually and as Natural Guardian
and Parent of E.R., K.F., and J.F.,
minor children; and JUAN G. ROBLES
VALLESPI, individually,

      Defendants.

**ORDER**

This cause comes before the Court on an Application for Default Against Valued Commodities Transportation, Inc., which the Court construes as a motion for clerk's default ("Motion for Clerk's Default"), filed by Plaintiff Westchester Fire Insurance Company ("Plaintiff Westchester") on April 18, 2025. (Doc. 39). For the reasons explained below, Plaintiff Westchester's Motion for Clerk's Default is due to be denied without prejudice.

I.    **BACKGROUND**

Plaintiff Westchester filed a complaint for declaratory relief against Defendant Valued Commodities Transportation, Inc. ("Defendant Valued Commodities") and five other defendants[1] (collectively, "Defendants") on August 23, 2024. (Doc. 1). On December 20, 2024, the Court granted Plaintiff Westchester's Motion for Extension of Time to Serve Defendants, allowing Plaintiff Westchester an additional 60 days to effectuate service on the Defendants. (Doc. 18). Defendants Mario Giovanny Borja-Ayerve, Ashley K. Borja, and Juan G. Robles Vallespi responded to the complaint on February 18, 2025, filing an answer with their affirmative defenses. (Doc. 25).

Then, on February 19, 2025, the Court granted Plaintiff Westchester's Motion for Extension of Time to Serve Defendant Valued Commodities, allowing Plaintiff Westchester an additional 45 days to effectuate service on Defendant Valued Commodities after unsuccessful attempts to serve Defendant Valued Commodities' registered agent, Richardson Boco, at multiple different addresses in the state of Florida. (Doc. 27); (*see* Doc. 26). The Court granted Plaintiff Westchester's Applications for Default Against M&C Express Transport,

---

[1] These defendants include M&C Express Transport, Inc., Lacosta R. Clyde, Mario Giovanny Borja-Ayerve, Ashley K. Borja, Juan G. Robles Vallespi.

Inc., and Lacosta R. Clyde, entering default against both parties on April 2, 2025. (Docs. 32 & 33). Defendant Valued Commodities has not responded to the complaint.

Plaintiff Westchester now files the instant Motion for Clerk's Default against Defendant Valued Commodities, contending that it served Defendant Valued Commodities on March 27, 2025, via substituted service through the Florida Secretary of State. (*See* Doc. 39 at pp. 3-4). Plaintiff Westchester moves for entry of clerk's default against Defendant Valued Commodities, seeking to deem that Defendant Valued Commodities was served through substituted service on Florida's Secretary of State under Fla. Stat. § 48.161. (*See* Doc. 39 at p. 4).

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). However, before directing the clerk to enter default under Rule 55(a), the Court must determine whether a plaintiff effected service of process on the defaulting party because, without effective service, there is no jurisdiction and no obligation to answer or otherwise defend. *See Kelly v. Florida*, 233 F. App'x 883, 884-85 (11th Cir. 2007); *Chambers v. Halstead Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) (citation omitted).

Under Federal Rule of Civil Procedure 4, a corporate defendant may be served by "delivering a copy of the summons and . . . complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service process." *See* Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state

- 3 -

law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *See* Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). "The serving party has the burden of showing that the opposing party was properly served." *Spy Optic Inc. v. Pattar Enter., Inc.*, No. 6:16-CV-1541, 2017 WL 8893758, at *1 (M.D. Fla. Oct. 4, 2017) (citation omitted).

In the state of Florida, service of process on domestic corporations is governed by Fla. Stat. § 48.081. *See generally* Fla. Stat. § 48.081. Under Florida law, service must first be attempted on the corporation's registered agent. *See* Fla. Stat. § 48.081(2). If unsuccessful, a plaintiff must attempt to serve the individuals identified in subparagraph (3), which includes any person listed publicly on the corporation's latest annual report, the chair of the board of directors, the president, the vice president, the secretary, or the treasurer. *See* Fla. Stat. § 48.081(3). Then, if that is unsuccessful, a plaintiff may effect service on a defendant via substituted service of process through the Florida Secretary of State using the method described in Fla. Stat. § 48.161. *See* Fla. Stat. § 48.081(4).

Section § 48.161 provides the method for effecting substitute service. *See generally* Fla. Stat. § 48.161. In certain circumstances, substitute service of process may be effectuated under Florida law upon a nonresident or a party who conceals his or her whereabouts. *See EHR Aviation, Inc. v. Lawson*, No. 3:09-CV-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (citations omitted); Fla. Stat. § 48.161. However, "before using the substitute service statute[,]" a plaintiff must show that "due diligence was exercised in attempting to locate and effectuate personal service on the party." *See* Fla. Stat. § 48.161(2). A plaintiff is considered to have used due diligence if it (1) "[m]ade [a] diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to

effectuate personal service"; (2) "reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a)"; and (3) "[m]ade an appropriate number of attempts to serve the party[] . . . [under] the particular circumstances." *See* Fla. Stat. § 48.161(3), (4)(a)-(c).

Additionally, to effectuate proper substituted service of process on a defendant concealing its whereabouts under Fla. Stat. § 48.161, a plaintiff must provide sufficient evidence showing that the Secretary of State was properly served. Specifically, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide notice of service upon the Secretary to the defendant by sending them a copy of the summons and complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effect personal service on the party before using substituted service. *See* Fla. Stat. § 48.161(1)-(2).

"Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service." *City of Jacksonville v. Arrigato, Inc.*, No. 3:10-CV-211-J-32MCR, 2010 WL 3069135, at *1 (M.D. Fla. Aug. 4, 2010) (citing *George Fisher, Ltd. v. Plastiline, Inc.*, 379 So. 2d 697, 699 (S.D. Fla. 1980)); *see Great Am. Assurance Co. v. Walters*, No. 3:15-CV-1008-J-39JBT, 2016 WL 9526443, at *2 (M.D. Fla. Apr. 14, 2016) ("Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, there must be strict compliance with the statutory requirements so as to protect due process guarantees.") (quoting *Hernandez v. State Farm Mut. Auto Ins. Co.*, 32 So.

3d 695, 698 (Fla. Dist. Ct. App. 2010)). As "[t]he courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed[,] . . . the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *See Hughes v. American Tripoli, Inc.*, No. 2:04-CV-485-FTM-29DNF, 2007 WL 2071529, at *1-2 (M.D. Fla. July 17, 2007) (citing *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So. 2d 58, 61 (Fla. 4th DCA 1976)).

### III. DISCUSSION

As an initial matter, the Court cannot discern whether Plaintiff Westchester adequately complied with Florida law for substituted service of process on Defendant Valued Commodities because Plaintiff Westchester has not properly briefed the issue. Plaintiff Westchester's Motion for Clerk's Default fails to contain a memorandum of law. *See* M.D. Fla. Local Rule 3.01(a) ("A motion must include . . . a legal memorandum supporting the request."). Instead of providing a statement of the basis for relief with an analysis to support an entry of default against Defendant Valued Commodities, Plaintiff Westchester mostly refers the Court to prior filings on the docket in this case. (Doc. 39 at pp. 3-4). For example, Plaintiff Westchester states that it has "provided its declaration of compliance in accordance with Florida Statute § 48.161 detailing the efforts made for substituted service of process[,]" citing docket no. 36, which is Plaintiff Westchester's Affidavit of Compliance Pursuant to Florida Statute § 48.161. (*Id.* at p. 4). Plaintiff also cites its Return of Service and notice of service to the Florida Department of State in docket nos. 34 and 35, respectively. (*Id.* at p. 3). However, the Court need not revisit previous filings to find support for the Motion for Clerk's Default. *See Fennell v. Navient Sols., LLC*, No. 617CV2083ORL37DCI, 2019 WL 4671163, at

*2 (M.D. Fla. Apr. 1, 2019) ("The Court will not refer back to previous filings to comprehend Plaintiff's position. This type of reference violates Local Rule 3.01(a).").

Further, Plaintiff Westchester does not explain how it attempted service on Defendant Valued Commodities in accordance with each section of Fla. Stat. § 48.081 and why substitute service under Fla. Stat. § 48.161 was the appropriate method of service in this case. Plaintiff Westchester's Motion for Clerk's Default fails to state whether Defendant Valued Commodities has a registered agent listed on the Florida Division of Corporations, whether it attempted to serve any registered agent(s), and whether it attempted to serve any officer, director, or person listed publicly on Defendant Valued Commodities' latest annual report. It also does not address the statutory requirements of Fla. Stat. § 48.161, demonstrating that Plaintiff Westchester exercised due diligence in attempting to locate and effectuate personal service on Defendant Valued Commodities. *See* Fla. Stat. § 48.161(2), (3), (4)(a)-(c). In short, Plaintiff Westchester has not strictly complied with the statutory provisions for substituted service under Florida law.

As a final matter, the Motion for Clerk's Default does not sufficiently describe the service efforts or explain how they were adequate under Fla. Stat. § 48.161(1)-(2) to allow the Court to review service on Defendant Valued Commodities and conclude that default is warranted against a defendant who conceals its whereabouts. Instead, Plaintiff Westchester simply states that the "complaint was served on Valued Commodities on 03/27/2025[,]" and it "provided its declaration of compliance in accordance with Florida Statute § 48.161 detailing the efforts made for substituted service of process[,]" which "constitutes a prima facie showing that the defendant was served with the summons and complaint." (Doc. 39 at pp. 3-4). This is insufficient to demonstrate that proper substituted service of process was

effectuated on Defendant Valued Commodities under Fla. Stat. § 48.161. Plaintiff Westchester has therefore failed to establish that it properly effected service of process on Defendant Valued Commodities.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff Westchester Fire Insurance Company's Application for Default Against Valued Commodities Transportation, Inc. (Doc. 39) is **DENIED without prejudice**.

(2) Plaintiff Westchester Fire Insurance Company may file a renewed motion that addresses the deficiencies identified in this Order on or before **May 22, 2025**, or alternatively, it may re-serve Defendant Valued Commodities Transportation, Inc. **within 30 days** of the entry date of this Order.

**DONE** and **ORDERED** in Ocala, Florida on April 24, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties